10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

John Ransom,

Plaintiff,

vs.

Rosilyn Jindal, Physician Assistant,
Dr. Adam Carr, DO.,
Hillsdale Hospital,

Defendants.

Case: 2:25-cv-11625
Assigned To : Leitman, Matthew F.
Referral Judge: Altman, Kimberly G.
Assign. Date : 6/2/2025
Description: PRIS RANSOM V. JINDAL ET AL (AB)

VERIFIED COMPLAINT
JURY DEMAND REQUEST

Plaintiff John Ransom proceeding pro se, brings the following section 1983 prisoner civil rights complaint seeking injunctive relief, compensatory and punitive damages and states as follows:

## I. JURISDICTION

1. This action brings before the court U.S. Constitutional First and Eighth Amendment violations for retaliation, inadequate supervision of medical service providers and the failure to provide corrective surgical procedures.

2. Defendants' deliberate abandonment of Plaintiff's significant medical complications establishes an objectively unconstitutional condition which Plaintiff asserts satisfies both

the objective and subjective prongs of an Eighth Amendment analysis.

## II. Parties

### Plaintiff

3. John Ransom, at all times relevant to this action, was/is incarcerated at the Gus Harrison Correctional Facility located at 2727 E. Beecher Street, Adrian, Michigan 49221, County of Lenawee.

### Defendants

4. Rosilyn Jindal, Physician Assistant, was/is employed by Vitalcore Health Strategies to provide meaningful health care to prisoners at the Gus Harrison Correctional Facility located at 2727 E. Beecher Street, Adrian, Michigan, 49221, County of Lenawee, and at all times relevant to this action was acting under color of state law and is sued in her individual and official capacity.

5. Dr. Adam Carr, DO., is an orthopedic surgeon at Hillsdale Hospital located at 168 South Howell Street, Hillsdale, Michigan, who was subcontracted by Vitalcore Health Strategies to perform a surgical procedure on the Plaintiff and is sued in his individual and official capacity.

6. Hillsdale Hospital is directly responsible for investigating complaints made against physicians practicing on its premises, and is located at 168 South Howell Street, Hillsdale, Michigan, and at all times relevant to this action was acting under color of state law and is sued in its official and individual capacity.

## III. Jurisdiction and Venue

7. Jurisdiction is asserted pursuant to the United States Constitution, 42, U.S.C. Section 1983 and 28 U.S.C. Sections 1331, 1343.

8. Venue in the United States District Court is appropriate for trial pursuant to 28 U.S.C. Section 1391(b)(2) as the events complained of occurred in the County of Lenawee.

## IV. Injunctive Relief

9. Injunctive Relief is authorized pursuant to 28 U.S.C. Section 1651. Plaintiff asserts injunctive relief will not cause substantial harm to others. The Eighth Amendment prohibits cruel and unusual punishment. The Plaintiff has been left untreated for a lengthy period of time. The public interest favors the immediate remedy of such conditions. Plaintiff seeks an injunction to require the Defendants to remedy the unconstitutional condition.

## V. Previous Lawsuits

10. Plaintiff has never filed a law suit in any court.

## VI. Statement of Facts

11. On 11-5-24 Plaintiff, following numerous complaints of significant pain and suffering, his quality of life limited, being retaliated against for the filing of internal and external pleas for help, being denied MRI's, and access to orthopedic services for right knee degenerative joint disease, underwent total knee arthoplasty at Defendant Hillsdale Hospital performed by Defendant Dr. Carr.

12. On 11-6-24 Plaintiff while in recovery at Hillsdale Hospital advised Dr. Carr's Physician Assistant that he was experiencing pain and discomfort over the vastus lateralis guadricep muscle as well as the lateral collateral ligament and that his lower right extremity was numb. She advised Plaintiff that Defendant Carr would follow up with him in 10 to 12 days as scheduled. Subsequent to this discussion Plaintiff was transported back to the prison facility. Upon arrival Plaintiff was advised that the pain medications ordered by Defendant Carr were denied him by Defendant Jindal.

13. On 11-11-24 Plaintiff was seen by nursing for an emergency situation where he was evaluated and treated for possible cellulitis to the knee.

14. On 11-20-24 Plaintiff, in follow up with Defendant Carr, complained his pain was worse than before the surgery and emphasized he believed his patella tendon was not replaced in the proper location, under the kneecap, but was left on the right side of the knee, and wanted Defendant Carr to proceed with corrective surgery to move the patella ligament into its proper track. Once again, pain medications ordered by Defendant Carr were denied him by Defendant Jindal.

15. On 12-30-24 Plaintiff, in follow up with Defendant Carr, continued to complain that his patella tendon needed to be replaced into its proper track, and that it is clearly out of place and visible to the naked eye. In spite of the obvious, Defendant Carr claimed that Plaintiff was experiencing quadricep atrophy. Defendant Carr stated he would order an MRI but that it was unconventional, and that Plaintiff would be seen again following the MRI to evaluate any structural abnormality with his quadriceps muscles. Although clearly evident there was/is a medical necessity for corrective action Defendant taking a blind eye to his error is a violation of the 8th Amendment.

16. Also, on 12-30-24 Defendant Jindal sought to sabotage Plaintiff's need for pain medications, and in continuation of her blatant retaliation against Plaintiff for his earlier complaints against her, contacted Defendant Carr's office and made false inflammatory allegations about him in furtherance of her designs to interfere and impede Plaintiff's access to medical care, thus violating Plaintiff's 1st and 8th Amendment Rights.

17. On 1-6-25 in response to Defendant Carr's request for an MRI Defendant Jindal noted in her administrative note that the request will be presented and discussed with Grand Rounds and orthopedic follow up visit.

18. On 1-7-25 the Plaintiff was advised that Defendant Jindal's request for an MRI and Orthopedic follow up were not approved.

19. From 1-7-25 to the date of this filing (nearly 5 months later), the Plaintiff has not been seen at Defendant Hillsdale Hospital or by Defendant Carr. Plaintiff continuously makes complaints to Defendant Jindal of his pain and suffering. Defendant Jindal has intentionally failed to advance Plaintiff's need for treatment.

## VII. Cause of Action

20. Defendants Jindal, Carr and Hillsdale Hospital, were aware of Plaintiff's serious medical need for corrective surgery but were deliberately indifferent to his need by ignoring treatment which is outside the limits of professional standards. The Defendant's deliberate indifference to Plaintiff's serious medical need has caused his quality of life to deteriorate resulting in his unnecessary pain and suffering in violation of the Constitutional Eighth Amendment prohibition against cruel and unusual punishment.

## VIII. Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Court enter an order:

21. Issuing declaratory relief, declaring that the acts and omission of the defendant have violated Plaintiff's rights, and stating the defendants' duties with respect to those rights;

22. Issuing injunctive relief, commanding the defendants to provide for or otherwise facilitate the reconstructive knee surgery necessary to remedy Plaintiff's medical condition;

23. Awarding Plaintiff compensatory and punitive damages for the unnecessary deterioration of his physical condition and consequential pain and suffering, in an amount as yet to be deduced from the evidence, but in no event in an amount less than $500,000.00 and,

24. Any other relief this Court may deem just and proper.

25. Trial by jury is hereby demanded on all claims alleged herein, and the parties are hereby given notice, pursuant to Fed. R. Civ. P. 38 et al.

Respectfully submitted,

John Ransom

John Ransom (#251580)
Pro Se Plaintiff
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, Michigan 49221

Dated: 5/27/25

## IX. Verification

I, John Ransom, declare and verify, under the penalty of perjury and the laws of the United States of America, that I have read the foregoing and that it is true and correct to the best of my knowledge and belief.

Dated this 27th day of May, 2025.

John Ransom

John Ransom (#251580)
Pro Se Plaintiff

John Ransom, #251580
Plaintiff in Pro Per
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI 49221

May 27th, 2025

Office of the Clerk
U.S. District Court
Eastern District of Michigan
231 W. Lafayette Blvd.
Detroit, MI 48226

Re: Ranson v. Jindal, et al
New Case Filing

Dear Clerk:

Enclosed, for filing and processing please find the original (Judges Copy) and two copies of Plaintiff's Verified Complaint and Request for Jury Demand, Verification, and Motion to Proceed in Forma Pauperis.

Thank you in advance for your time and assistance in this matter.

Sincerely,

John Ransom
Plaintiff in Pro Per

cc: file

John Ransom #251580
Gus Harrison Correctional Facility,
2727 East Beecher St.,
Adrian, MI. 49221

U.S. MARSHALS

Office of the Clerk
U.S. District Court
Eastern District of Michigan
231 W. Lafayette Blvd.,
Detroit, MI. 48226

new complaint