**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

John Ransom, #251580

Plaintiff,

Case No.: 2:25-cv-11625
District Judge: Matthew F. Leitman
Magistrate Judge: Kimberly G. Altman

v.

Jindal et al

Defendants,

---

John Ransom, #251580
*In Pro Per*
Gus Harrison Correctional Facility
2727 E. Beecher Road
Adrian, MI 49221

CHAPMAN LAW GROUP
Nicholas B. Pillow (P83927)
*Attorney for Rosilyn Jindal, P.A.*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
npillow@chapmanlawgroup.com

---

**DEFENDANT ROSILYN JINDAL, P.A.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT BASED SOLELY ON THE ISSUE OF EXHAUSTION**

NOW COMES Defendant ROSILYN JINDAL, P.A., by and through her attorneys, CHAPMAN LAW GROUP, and for her Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative for Summary Judgment based solely on the issue of exhaustion, states as follows:

1. On June 2, 2025, Plaintiff John Ransom filed the present lawsuit against Physician Assistant, Rosilyn Jindal, alleging claims of deliberate indifference to his serious medical needs under 42 U.S.C. § 1983. (**ECF No. 1, PageID.1-10**).

2. More specifically, Plaintiff alleges that PA Jindal "denied" unidentified pain medication ordered by his treating surgeon, Dr. Carr, and that she made unidentified "inflammatory allegations" to Dr. Carr about Plaintiff. (**PageID.4-5**).

3. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

4. Under *Twombly* and *Iqbal*, it is no longer enough for Plaintiffs to promise that they will be able to come up with the facts to support a claim following discovery. *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011); *Patterson v. Novartis Pharmaceuticals Corp.*, 451 F. App'x 495, 499 (6th Cir. 2011); *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008).

5. To succeed on a claim of deliberate indifference, Plaintiff must satisfy two elements, an objective one and a subjective one. He must show he had a serious medical need, and he must show that Defendant, being aware of that need, acted with deliberate indifference to it. *Wilson v. Seiter*, 501 U.S. 294, 300 (1991); *Williams v. Mehra*, 186 F.3rd 685, 691 (6th Cir. 1999). Stated another way, on claims of deliberate indifference, to avoid dismissal, Plaintiff must allege that he had a "sufficiently serious" medical need, and must also show that **<u>for each allegation</u>**, **<u>a</u>**

**particular Defendant** was subjectively aware of that serious medical need and consciously disregarded it. *See Farmer,* 511 U.S. at 834 (1994); *Comstock,* 273 F.3d at 703 (6th Cir. 2001); *Williams v. Mehra*, 186 F.3rd 685, 691 (6th Cir. 1999); *Phillips v. Roane Cnty*., 534 F.3d 531, 540 (6th Cir. 2008).

6. "Plaintiff must state a plausible constitutional violation against each individual defendant – **the collective acts of defendants cannot be ascribed to each individual defendant**." *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) (citations omitted) (emphasis added).

7. As more fully addressed in the accompanying brief, Plaintiff's complaint fails to provide enough individualized factual enhancement about PA Jindal's actions or omissions to state a valid claim against her for deliberate indifference to Plaintiff's serious medical needs.

8. Alternatively, PA Jindal also brings this Motion as a Motion for Summary Judgment based solely on the issue of exhaustion of administrative remedies.

9. Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding conditions of confinement under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. The United States Supreme Court acknowledged this requirement in *Booth v. Churner* and went on to hold in that case that prisoners must exhaust the administrative remedies available to them even if those remedies

include a grievance procedure that does not offer relief in the form specifically sought by the prisoner. 532 U.S. 731, 734 (2001).

10. In *Woodford v. Ngo*, the United States Supreme Court held that in order to comply with the exhaustion requirement of 42 U.S.C. § 1997e(a), an inmate must "properly exhaust," which means that the inmate must comply with the specific requirements of the policies and procedures of the individual prison's grievance policy. 126 S. Ct. 2378, 2386; 165 L. Ed. 2d 368 (2006).

11. The Court has further explained that inmates seeking to sue must comply with the individual grievance procedures, and that the nature of the grievances will necessarily vary based upon the individual system's policies: "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the Prison Litigation Reform Act ("PLRA"), that define the boundaries of proper exhaustion." *Jones v. Bock*, 127 S. Ct. 910, 923; 166 L. Ed. 2d 798 (2007). Under *Jones v. Bock*, 127 S. Ct. 910; 166 L. Ed. 2d 798 (2007), the burden now rests on the Defendant to show whether the Plaintiff exhausted his administrative remedies.

12. As more fully discussed in the accompanying brief prior to filing his complaint, Plaintiff failed to pursue any grievance pertaining to his claims against

PA Jindal through all three steps of the MDOC grievance process and has therefore failed to exhaust his administrative remedies as to his claims against PA Jindal.

13. Consistent with local Rule 7.1, concurrence in this motion was not sought as Plaintiff is an incarcerated individual proceeding in pro se.

WHEREFORE, Defendant ROSILYN JINDAL, P.A., respectfully requests that this Honorable Court grant this Motion to Dismiss or in the alternative for Summary Judgment based on exhaustion, dismiss Plaintiff's Complaint against her in its entirety, and grant such other relief as this court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: December 9, 2025

*/s/Nicholas Pillow*
Nicholas B. Pillow (P83927)
Attorney for Rosilyn Jindal, P.A.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
npillow@chapmanlawgroup.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

John Ransom, #251580

Plaintiff,

Case No.: 2:25-cv-11625
District Judge: Matthew F. Leitman
Magistrate Judge: Kimberly G. Altman

v.

Jindal et al

Defendants,

---

John Ransom, #251580
*In Pro Per*
Gus Harrison Correctional Facility
2727 E. Beecher Road
Adrian, MI 49221

CHAPMAN LAW GROUP
Nicholas B. Pillow (P83927)
*Attorney for Rosilyn Jindal, P.A.*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
npillow@chapmanlawgroup.com

---

**BRIEF IN SUPPORT OF DEFENDANT ROSILYN JINDAL, P.A.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT BASED SOLELY ON THE ISSUE OF EXHAUSTION**

**CERTIFICATE OF SERVICE**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES .......... iii
INDEX OF EXHIBITS .......... iv
STATEMENT OF ISSUES PRESENTED .......... v
CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT .......... vi
I. STATEMENT OF FACTS .......... 1
I. LEGAL STANDARD .......... 3
II. ARGUMENT .......... 6
A. Taking as true all of the well-pled facts, Plaintiff's complaint fails to state a valid claim of deliberate indifference against PA Jindal .......... 6
B. To the extent Plaintiff alleges a claim of retaliation against PA Jindal, such claims fail as a matter of law .......... 10
C. Plaintiff failed to properly exhaust his administrative remedies as to his claims against PA Jindal prior to filing this lawsuit .......... 12
IV. CONCLUSION .......... 17

# INDEX OF AUTHORITIES

**Cases**


*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................. 2, 3, 5, 7, 17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..............................................2, 3

*Booth v. Churner* 532 U.S. 731 (2001) ........................................................ 3, 5, 12

*Grindstaff v. Green*, 133 F.3d 416 (6th Cir. 1998) ..................................................3

*Hlv v. County of Van Buren*, 2015 U.S. Dist. LEXIS 178784 (W.D. MI June 29, 2015).........................................................................................................4

*Jones v. Bock*, 127 S. Ct. 910; 166 L. Ed. 2d 798 (2007)..................................4, 13

*Reilly v. Vadlamudi*, 680 F.3d 617 (6th Cir. 2012)..............................................3, 6

*Roddy v. Grand Trunk W. R.R., Inc.*, 395 F.3d 318 (6th Cir. 2005).......................17

*Song v. City of Elyria, Ohio*, 985 F.2d 840 (6th Cir. 1993).......................................3

*Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) ............................................11

*Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976)................................................7, 10

*Woodford v. Ngo* 126 S. Ct. 2378 (2006) ..........................................................4, 12


**Statutes**


42 U.S.C. § 1983 ........................................................................................ passim

42 U.S.C. § 1997e(a)..................................................................................... passim


**Rules**


Fed. R. Civ. P. 8 ..............................................................................................5, 7

# INDEX OF EXHIBITS

| | |
|---|---|
| **EXHIBIT A** | Plaintiff's Certified Grievance Report |
| **EXHIBIT B** | MDOC Policy Directive 03.02.130 |

## STATEMENT OF ISSUES PRESENTED

WHETHER PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A VALID INDIVIDUAL CLAIM OF DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED AGAINST PA JINDAL?

Defendant Answers: YES.
Plaintiff Answers: NO.

WHETHER PA JINDAL IS ENTITLED TO SUMMARY JUDGMENT BASED UPON PLAINTIFF'S FAILURE TO PROPERLY EXHAUST HIS AVAILABLE ADMINISTRATIVE REMEDIES?

Defendant Answers: YES.
Plaintiff Answers: NO.

## CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

A court may decide a Motion to Dismiss on the basis of the pleadings alone. *Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993). In considering such a Motion, the court need not accept plaintiff's legal conclusions or "**unwarranted factual inferences**." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (emphasis added). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Under *Twombly* and *Iqbal*, it is no longer enough for Plaintiffs to promise that they will be able to come up with the facts to support a claim following discovery. *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011); *Patterson v. Novartis Pharmaceuticals Corp.*, 451 F. App'x 495, 499 (6th Cir. 2011); *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008). Fed. R. Civ. P. 8 does not allow a plaintiff who has nothing but legal conclusions to file a complaint devoid of facts and then conduct discovery to locate support. *See Iqbal*, 556 U.S. at 678-79. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. "Where the well-pleaded facts do not permit the court to infer more than the **mere possibility of misconduct**, the complaint has

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (emphasis added).

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding conditions of confinement under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. The United States Supreme Court acknowledged this requirement in *Booth v. Churner* and went on to hold in that case that prisoners must exhaust the administrative remedies available to them even if those remedies include a grievance procedure that does not offer relief in the form specifically sought by the prisoner. 532 U.S. 731, 734 (2001). For example, in *Booth*, the Court determined that an inmate who seeks monetary damages must exhaust a grievance process prior to suing in federal court, even when the grievance procedure does not provide for monetary relief. *Id.* As the Court made clear, exhaustion of administrative remedies is a mandatory precursor to a prisoner's filing a lawsuit in federal court. *Id. See also, Porter v. Nussle*, 534 U.S. 516, 524 (2002).

# I. STATEMENT OF FACTS

On June 2, 2025, Plaintiff John Ransom filed the present lawsuit against Nurse Practitioner Rosilyn Jindal, alleging claims of deliberate indifference to his serious medical needs under 42 U.S.C. § 1983. (**ECF No. 1, PageID.1-10**). More specifically Plaintiff alleges that PA Jindal "denied" unidentified pain medication ordered by his treating surgeon, Dr. Carr, and that she made unidentified "inflammatory allegations" to Dr. Carr about Plaintiff. (**PageID.4-5**).

Factual Allegations against PA Jindal:

For the purposes of her Motion to Dismiss only, PA Jindal accepts as true the following facts outlined in Plaintiff's complaint:

- On or about November 5, 2024, Plaintiff underwent a total knee arthroplasty performed by dismissed Defendant Dr. Carr. (**PageID.4, ¶11**).
- Upon his return to the correctional facility, he was informed that PA Jindal "denied the pain medications ordered by Defendant Carr." (***Id.* at ¶ 12**). Plaintiff does not identify the alleged medication ordered by Dr. Carr.
- On or about November 11, 2024, Plaintiff had a nursing visit to address possible cellulitis on his knee. (***Id.* at ¶ 13**). PA Jindal was not allegedly involved in this visit.
- On November 20, 2024, Plaintiff returned to Dr. Carr for a post operative follow-up and Plaintiff alleges PA Jindal again denied pain medication ordered by Dr. Carr. (**PageID.5 ¶ 14**). Plaintiff does not identify the alleged pain medication or whether there was a new order or whether he is referring to the original unidentified order.
- On December 30, 2024, Plaintiff returned to Dr. Carr for a second post-operative follow-up. (***Id.* at ¶ 15**). Following a discussion with Plaintiff, Dr. Carr agreed to order an MRI of Plaintiff's knee.

- Also on December 30, 2024, PA Jindal allegedly retaliated against Plaintiff by calling Dr. Carr and making "false inflammatory allegations," about Plaintiff. (***Id.* at ¶ 16**). Plaintiff does not identify what "allegations" PA Jindal allegedly made.

- On January 6, 2025, PA Jindal drafted an administrative note indicating that she would discuss the MRI request and an orthopedic follow-up at the next Grand Rounds. (**PageId.6, ¶ 17**).

- On January 7, 2025, Plaintiff was advised that PA Jindal's request for him to receive an MRI and orthopedic follow-up was denied. (***Id.* at ¶ 18**).

Plaintiff further alleges that since January 2025 no one was "advance[ing]" his treatment. (***Id.* at ¶19**).

<u>Grievance Table:</u>

Plaintiff's certified grievance records, attached as **Exhibit A**, show that he submitted the following grievances through all three steps of the MDOC grievance process after the alleged events[1], but prior to initiating this lawsuit:

| Grievance Identifier | PA. Jindal Named in Step I | Issue Grieved | Resolution | Exhibit A Page No. |
|---|---|---|---|---|
| **ARF-24-11-1044-28B** | Yes | PA Jindal retaliated against Plaintiff by not providing the pain medication prescribed by his surgeon. | **Rejected at Steps I, II and III** | 20-25 |
| **ARF-25-01-0038-28I** | Yes | PA Jindal, the HUM VitalCore and MDOC medical denied Dr. | **Rejected at Steps I, II and III** | 15-19 |

[1] Plaintiff's grievance report does indicate several more grievances were pursued through step III of the grievance process, however, those grievances were all initiated prior to November 5, 2024, the first relevant date to Plaintiff's allegations.

| | | | | |
|---|---|---|---|---|
| | | Carr's request for an MRI | | |
| **ARF-25-02-0202-12C3** | Yes | Plaintiff's 11/5/2024 surgery "had an error" and medical providers are not providing a treatment plan to correct the error. | **Denied at Steps I, II and III** | 10-14 |

## II. LEGAL STANDARD

A court may decide a Motion to Dismiss on the basis of the pleadings alone. *Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993). In considering such a Motion, the court need not accept plaintiff's legal conclusions or "**unwarranted factual inferences**." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (emphasis added). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Trudeau v. FTC*, 456 F.3d 178, 193-194 (D.C. Cir. July 28, 2006) (outlining when the Court can and cannot accept the factual inferences presented in a Plaintiff's complaint on a motion to dismiss):

> Moreover, although "[i]n considering the claims dismissed pursuant to Rule 12(b)(6), we must treat the complaint's factual allegations as true [and] must grant plaintiff the benefit of all reasonable inferences from the facts alleged," *Sparrow*, 216 F.3d at 1114, "we are not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92

> L. Ed. 2d 209 (1986), or to "accept **inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint,**" *Kowal v. MCI Communications Corp..*, 305 U.S. App. D.C. 60, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *see Papasan*, 478 U.S. at 286. Trudeau contends that whether a statement is false is always a factual matter and never a legal conclusion. We do not agree that the truth or falsity of a statement can never be decided as a matter of law.
>
> * * *
>
> **We have also applied this "no reasonable juror" (or "no reasonable person") test to a motion to dismiss**. *See Browning v. Clinton*, 352 U.S. App. D.C. 4, 292 F.3d 235, 247-48 (D.C. Cir. 2002) (affirming the dismissal of a defamation claim under Rule 12(b)(6) because "no reasonable person would be able to infer that [the defendant] was accusing [the plaintiff] of deceitfulness"). **So have other circuits.** We will do so here as well.

(emphasis added). Stated another way, a complaint must state an alleged constitutional violation that is plausible on its face, and a claim is only plausible on its face "if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hlv v. County of Van Buren*, 2015 U.S. Dist. LEXIS 178784, *5 (W.D. MI June 29, 2015).

Under *Twombly* and *Iqbal*, it is no longer enough for plaintiffs to promise that they will be able to come up with the facts to support a claim following discovery. *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011); *Patterson v. Novartis Pharmaceuticals Corp.*, 451 F. App'x 495, 499 (6th Cir. 2011); *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008).

Fed. R. Civ. P. 8 does not allow a plaintiff who has nothing but legal conclusions to file a complaint devoid of facts and then conduct discovery to locate support. *See Iqbal*, 556 U.S. at 678-79. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. "Where the well-pleaded facts do not permit the court to infer more than the **mere possibility of misconduct**, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (emphasis added).

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding conditions of confinement under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. The United States Supreme Court acknowledged this requirement in *Booth v. Churner* and went on to hold in that case that prisoners must exhaust the administrative remedies available to them even if those remedies include a grievance procedure that does not offer relief in the form specifically sought by the prisoner. 532 U.S. 731, 734 (2001). For example, in *Booth*, the Court determined that an inmate who seeks monetary damages must exhaust a grievance process prior to suing in federal court, even when the grievance procedure does not provide for monetary relief. *Id.* As the Court made clear, exhaustion of administrative remedies is a mandatory precursor to a prisoner's filing a lawsuit in federal court. *Id. See also, Porter v. Nussle*, 534 U.S. 516, 524 (2002).

## III. ARGUMENT

### A. Taking as true all of the well-pled facts, Plaintiff's complaint fails to state a valid claim of deliberate indifference against PA Jindal.

To succeed on a claim of deliberate indifference, Plaintiff must satisfy two elements, an objective one and a subjective one. He must show he had a serious medical need, and he must show that PA Jindal, being aware of that need, acted with deliberate indifference to it. *Wilson v. Seiter*, 501 U.S. 294, 300 (1991); *Williams v. Mehra*, 186 F.3rd 685, 691 (6th Cir. 1999). Stated another way, on claims of deliberate indifference, to avoid dismissal, Plaintiff must allege that he had a "sufficiently serious" medical need, and must also show that **for each allegation**, **a particular Defendant** was subjectively aware of that serious medical need and consciously disregarded it. *See Farmer,* 511 U.S. at 834 (1994); *Comstock,* 273 F.3d at 703 (6th Cir. 2001); *Williams v. Mehra*, 186 F.3rd 685, 691 (6th Cir. 1999); *Phillips v. Roane Cnty*., 534 F.3d 531, 540 (6th Cir. 2008). "Plaintiff must state a plausible constitutional violation against each individual defendant – **the collective acts of defendants cannot be ascribed to each individual defendant**." *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) (citations omitted) (emphasis added).

Deliberate indifference entails more than mere negligence. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976); *Hicks v. Frey*, 992 F.2d 1450, 1455 (6th Cir. 1993). Courts typically do not intervene in questions of medical judgment. *Youngberg v. Romeo*, 457 U.S. 307, 321 (1982). Differences in judgment between an inmate and prison

medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim. *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake*, 537 F.2d 857 at n.5. Here, we know next to nothing about PA Jindal's actions from Plaintiff's complaint.

Failure to provide medication allegations:

First addressing Plaintiff's claims regarding the failure to provide pain medications ordered by Dr. Carr, these allegations are bare bones and do not provide any factual enhancement to PA Jindal's actions. From the complaint, all we know is PA Jindal allegedly denied the medications Dr. Carr ordered. We do not know what those medications were; whether they were narcotics or some other medication with restricted access for prison inmates; whether Plaintiff was already receiving pain medications prior to his surgery; or whether Plaintiff was provided any pain medication at all following his surgery. We know practically nothing about this allegation. As such, while Plaintiff has alleged deliberate indifference related to a failure to provide medication, Plaintiff's complaint lacks the requisite factual enhancement to push this issue from "alleging" to "showing" he is entitled to relief. *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (emphasis added).

False Inflammatory Comments:

Next addressing Plaintiff's allegations regarding PA Jindal's alleged communication with Dr. Carr, from the complaint we know even less about this issue than we do the medication issue. Plaintiff's allegations in this regard are thread bare. Plaintiff does not identify the alleged statements made by PA Jindal. He does not explain how they were false, how they were inflammatory, or what impact, if any, these unidentified statements had on his medical care. Moreover, even assuming that Plaintiff had specified the allegedly inflammatory statements that were made, his claims would still fail as a matter of law because making inflammatory statements does not rise to the level of a constitutional violation. *See Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) (holding that verbal abuse does not state a claim for a constitutional violation); *Abeyta v. Chama Valley Indep. Sch. Dist. No. 19*, 77 F.3d 1253, 1256 (10th Cir. 1996) (explaining that "even extreme verbal abuse is insufficient to establish a constitutional violation"); *Wagner v. Wheeler*, 13 F.3d 86, 92–93 (4th Cir. 1993) ("We likewise find no freestanding constitutional violation in this verbal abuse. Though the alleged statements are entirely inappropriate, in the workplace or anywhere else, the fact remains that the law does not convert every potentially tortious act into a deprivation of constitutional rights simply because the alleged tortfeasor happens to be a government actor.").

Failure to Receive Corrective Surgery:

The final Eighth Amendment allegation against PA Jindal is that she did not ensure he received an MRI and Orthopedic consultation following the January 7, 2025 grand rounds. On this allegation, Plaintiff is blatantly attempting to hold PA Jindal liable for the actions of others. In his complaint, Plaintiff specifically indicates PA Jindal authored a note stating that she would present the request for an MRI and Orthopedic follow-up at the next grand rounds (**PageID.6 ¶ 17**). Thereafter, Plaintiff alleges "Defendant Jindal's request for an MRI and Orthopedic follow up were not approved." (***Id.* at ¶ 18**).

Thus, by his own allegations, the decision to deny the MRI and Orthopedic follow-up was not made by PA Jindal. Rather, she presented the requests at grand rounds, and those requests were not approved at grand rounds. Plaintiff does not allege PA Jindal had any control over grand rounds or whether a particular treatment plan is approved or denied during grand rounds. All Plaintiff alleges is that PA Jindal presented the request and that it was not approved. Such allegations do not support the conclusion that PA Jindal was deliberately indifferent to Plaintiff's serious medical needs. To the contrary, these allegations show PA Jindal was actively seeking to advance his treatment plan as requested by Dr. Carr, and that *others* denied that treatment plan.

On the whole, there can be no question Plaintiff received ongoing treatment for his knee issues and that his real dispute is over the alleged adequacy of that treatment. *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). As such, Plaintiff's complaint must fail as it fails to allege sufficient facts to show how the care received was insufficient, or any information pertaining to PA Jindal's subjective state of mind. Accordingly, Plaintiff has not presented sufficient factual enhancement as to allow a reasonable person to infer PA Jindal consciously disregarded Plaintiff's serious medical needs. *See Willams v. Massey*, 2025 U.S. Dist. LEXIS 152207, at *7 (E.D. Mich, Aug. 7, 2025).

**B. To the extent Plaintiff alleges a claim of retaliation against PA Jindal, such claims fail as a matter of law.**

In addition to his Eighth Amendment claim, Plaintiff appears to be attempting to allege a claim of First Amendment retaliation against PA Jindal in paragraph 16 of his complaint (**PageID.5**). There he claims PA Jindal's alleged "inflammatory allegations" from December 30, 2024, were made in retaliation "for his earlier complaints against her." (***Id.***). Yet, this bare-bones averment does not meet any of the criteria to state a prima facie case for retaliation. To present a prima facie case for a First Amendment retaliation claim, Plaintiff must allege facts taken as true, which support the plausibility of the following three elements:

(1) the plaintiff engaged in protected conduct;

> (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and
>
> (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). With respect to causation, "bare allegations of malice" are insufficient to state a constitutional claim; a plaintiff must instead establish that his protected conduct motivated the allegedly retaliatory action taken. *Id*., at 399.

Here, Plaintiff has not provided *any* allegations to show that he engaged in protected conduct, as required by the first element of a First Amendment claim for retaliation. *Id*. at 394. Rather, Plaintiff relies on conclusory assertions that he was retaliated against without establishing the protected conduct for which he was allegedly retaliated against. There is no mention grievances filed against PA Jindal that she was informed about. There are no medical records, kites, notes, or any other forms of communication or evidence attached to Plaintiff's Complaint that establish or even suggest that he engaged in protected conduct.

Rather, Plaintiff relies solely on hollow assertions that he was retaliated against without ever explaining how or why. Plaintiff does not identify what protected conduct he engaged in prior to the alleged December 30, 2024 call to Dr. Carr. Plaintiff does not offer any details about his attempted retaliation claim. As

such, Plaintiff's claims fail to present enough facts to meet the elements of a prima facie case for retaliation.

**C. Plaintiff failed to properly exhaust his administrative remedies as to his claims against PA Jindal prior to filing this lawsuit.**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding conditions of confinement under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. The United States Supreme Court acknowledged this requirement in *Booth v. Churner* and went on to hold in that case that prisoners must exhaust the administrative remedies available to them even if those remedies include a grievance procedure that does not offer relief in the form specifically sought by the prisoner. 532 U.S. 731, 734 (2001). For example, in *Booth*, the Court determined that an inmate who seeks monetary damages must exhaust a grievance process prior to suing in federal court, even when the grievance procedure does not provide for monetary relief. *Id.* As the Court made clear, exhaustion of administrative remedies is a mandatory precursor to a prisoner's filing a lawsuit in federal court. *Id. See also, Porter v. Nussle*, 534 U.S. 516, 524 (2002).

In *Woodford v. Ngo*, the United States Supreme Court held that in order to comply with the exhaustion requirement of 42 U.S.C. § 1997e(a), an inmate must "properly exhaust," which means that the inmate must comply with the specific requirements of the policies and procedures of the individual prison's grievance policy. 126 S. Ct. 2378 (2006). The Court has further explained that inmates seeking

to sue must comply with the individual grievance procedures, and that the nature of the grievances will necessarily vary based upon the individual system's policies: "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the Prison Litigation Reform Act ("PLRA"), that define the boundaries of proper exhaustion."[1] *Jones v. Bock*, 127 S. Ct. 910, 923; 166 L. Ed. 2d 798 (2007). Under *Jones v. Bock*, 127 S. Ct. 910; 166 L. Ed. 2d 798 (2007), the burden now rests on the Defendant to show whether the Plaintiff exhausted his administrative remedies.

As outlined above, Plaintiff filed the following three grievances through all three steps of the MDOC grievance process after the events that form the basis of his complaint but before filing his complaint:

| Grievance Identifier | PA. Jindal Named in Step I | Issue Grieved | Resolution | Exhibit A Page No. |
|---|---|---|---|---|
| **ARF-24-11-1044-28B** | Yes | PA Jindal retaliated against Plaintiff by not providing the pain medication prescribed by his surgeon. | **Rejected at Steps I, II and III** | 20-25 |

[1] MDOC has since revised its policy. The policy that was in effect during the time relevant to Plaintiff's claims is different from the one that was at issue in *Jones v. Bock*, 127 S. Ct. 910, 916; 166 L. Ed. 2d 798 (2007). The relevant version of the policy is attached as **Exhibit B** to this Brief.

| | | | | |
|---|---|---|---|---|
| **ARF-25-01-0038-28I** | Yes | PA Jindal, the HUM VitalCore and MDOC medical denied Dr. Carr's request for an MRI | **Rejected at Steps I, II and III** | 15-19 |
| **ARF-25-02-0202-12C3** | Yes | Plaintiff's 11/5/2024 surgery "had an error" and medical providers are not providing a treatment plan to correct the error. | **Denied at Steps I, II and III** | 10-14 |

Each grievance will be addressed in turn.

<u>ARF-24-11-1044-28B:</u>

Grievance 1044 does not exhaust Plaintiff's administrative remedies because it was rejected at all three steps of the grievance process. In order to properly exhaust his administrative remedies, Plaintiff must receive an adjudication on the merits of his grievance at all three steps. *See Tillman v. Watson*, 2025 U.S. Dist. LEXIS 164564, at *6 (E.D. Mich Aug. 25, 2025) ("Proper exhaustion of administrative remedies 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'") (quoting *Woodford*, 548 U.S. at 90 (2006)). Here, grievance 1044 was rejected at step I as vague because the grievance reviewers could not determine the main issue Plaintiff was attempting to grieve. (**Ex. A at 24**). Specifically, Plaintiff was informed that his grievance

contained unclear extraneous information making the grievance reviewer unable to determine the "who, what when, where, and why" of Plaintiff's grievance. (***Id.***).

On appeal, Plaintiff did not attempt to raise any argument as to why the initial determination that his step I grievance was vague. Rather, Plaintiff merely indicated that he was appealing the decision to "Exhaust for Court." (**Ex. A at 21**). Thus, Plaintiff never presented any valid grounds for appealing the rejection of grievance 1044 and the rejection was upheld at all three steps of the grievance process. As such, grievance 1044 does not exhaust Plaintiff's claims against PA Jindal.

<u>ARF-25-01-0038-28I</u>

Grievance 0038 does not exhaust Plaintiff's administrative remedies because it was rejected at all three steps of the grievance process. Grievance 0038 was rejected at step I for failing to properly attempt to resolve the issue with the staff member most directly involved in the incident prior to filing the grievance. Once again, on appeal, Plaintiff indicated that he was appealing the rejection "to exhaust." (**Ex. A at 16**). Plaintiff, once again, failed to present any grounds to the grievance coordinator for why he believed the grievance was erroneously rejected. Accordingly, the rejection was upheld at steps II and III. As Plaintiff did not receive a determination on the merits of grievance 0038 at any step, grievance 0038 does not exhaust Plaintiff's claims against PA Jindal.

<u>ARF-25-02-0202-12C3</u>

While grievance 0202 received a denial on the merits at all three steps, grievance 0202 does not exhaust Plaintiff's claims against PA Jindal in this matter because the grievance does not address any of the claims raised against PA Jindal presently before the Court. Specifically, grievance 0202 alleges:

> I file this grievance against P.A. Jindal, HUM Kim Korte, Dr. Adam Carr and VitalCore for denial/delay of medical care of a serious medical condition (aftercare of knee replacement surgery) I have attempted several times to get medical treatment for my knee that had replacement surgery but have not been heeded. *The Complaint consists of the deliberate denial/delay of needed alternative treatment for me knee. As the surgery that was performed had an error that has caused me to suffer from undue pain*. The error was committed by Dr. Carr and the denial of aftercare treatment was committed by P.A. Jindal. I discovered the error on 2/17/2025 an attempted to resolve the complaint on that date I received the response on 2/19/2025. Further this is an ongoing condition that stems from a surgical procedure that was performed on 11/5/2024. *I request that I be examined to determine what error was committed and what course of action needs to be taken to correct the error.*

(**Ex. A at 13**) (emphasis added). Thus, by its terms, grievance 0202 specifically pertains to Plaintiff's claims that Dr. Carr was deliberately indifferent to his medical needs by not performing a revision surgery. While PA Jindal is discussed, nothing in grievance 0202 relates to the allegations against PA Jindal raised in Plaintiff's complaint. Specific to PA Jindal, Plaintiff has alleged she was deliberately indifferent to his serious medical needs by not providing him the pain medication

allegedly ordered by Dr. Carr and by not getting his MRI and orthopedic follow-up approved in January 2025. Neither of these issues are discussed in grievance 0202. Moreover, this honorable Court has already dismissed the claims this grievance relates to:

> Finally, while Ransom may believe that his knee surgery was unsuccessful, and while he disagrees with the treatment and/or testing provided, he does not allege facts that could show that Dr. Carr acted with deliberate indifference.

(**ECF No. 7, PageID.29**). Thus, the Court has already determined that Plaintiff failed to state a valid claim for deliberate indifference as it pertains to Plaintiff's assertion that he needed revision surgery. Accordingly, grievance 0202, which relates specifically to the "error" in his knee replacement and aftercare plan, does not exhaust Plaintiff's administrative remedies on his claims against PA Jindal.

## IV. CONCLUSION

Ultimately, Plaintiff is "the master of his complaint," and thus, the Court looks to the four corners of his pleadings to define his claims. *Roddy v. Grand Trunk W. R.R., Inc.*, 395 F.3d 318, 322 (6th Cir. 2005). Here, looking at the four corners of Plaintiff's Complaint, while his allegations track very nicely on the elements and key phrases that comprise the case law on deliberate indifference, they are nothing more than hollow recitations of the elements without any factual allegations to back them up. *See Iqbal*, 556 U.S. at 678-79. Rather, Plaintiff summarily states that his

constitutional rights were violated and leave it at that. Likewise, there can be no dispute Plaintiff failed to properly pursue any grievance pertaining his claims against PA Jindal through all three steps of the MDOC grievance process. Plaintiff has therefore failed to exhaust his administrative remedied as to his claims against PA Jindal, and therefore PA Jindal is entitled to dismissal and/or summary judgment as to Plaintiff's claims stated against her.

WHEREFORE, Defendant ROSILYN JINDAL, P.A., respectfully requests that this Honorable Court grant this Motion to Dismiss or in the alternative Motion for Summary Judgment based on exhaustion, dismiss Plaintiff's Complaint against her in its entirety, and grant such other relief as this court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: December 9, 2025

*/s/Nicholas Pillow*

Nicholas B. Pillow (P83927)
Attorney for Rosilyn Jindal, P.A.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
npillow@chapmanlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record. I further certify that a copy of this filing was served on Plaintiff by U.S. Mail at the address listed below:

John Ransom, #251580
Gus Harrison Correctional Facility
2727 E. Beecher Road
Adrian, MI 49221

*/s/ Stephanie Fenton*
Stephanie Fenton, Legal Assistant
**On Behalf of Nicholas B. Pillow (P83927)**