UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN RANSOM,

Plaintiff,

v.

Case No. 25-cv-11625
Hon. Matthew F. Leitman

ROSILYN JINDAL,

Defendant.

______________________________________________________________________/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 29) TO REPORT AND RECOMMENDATION (ECF No. 27); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION; (3) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (ECF No. 13); AND (4) GRANTING PLAINTIFF LEAVE TO FILE A MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

Plaintiff John Ransom is a Michigan prisoner confined at the Gus Harrison Correctional Facility in Adrian, Michigan. On June 2, 2025, Ransom filed a *pro se* prisoner civil-rights action in this Court pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) In his Complaint, Ransom says he has been denied proper medical care arising out of knee surgery and follow-up treatment on his knee. (*See id.*)

After Ransom filed his Complaint, the Court conducted an initial screening of that pleading under the Prison Litigation Reform Act of 1996. (*See* Order, ECF No. 7.) Following that screening, the Court dismissed all of Ransom's claims except his deliberate indifference and retaliation claims against Defendant Rosilyn Jindal, a

physician's assistant at Gus Harrison. (*See id.*) Ransom's deliberate indifference claim against Jindal has three separate components. First, Ransom alleges that Jindal refused to provide him prescribed pain medication (the "Pain Medication Claim"). (*See* Compl. at ¶¶ 12-14, ECF No. 1, PageID.4-5.) Second, Ransom says that Jindal refused to approve him for an MRI on his knee that had been ordered by another medical professional (the "MRI Denial Claim"). (*See id.* at ¶¶ 17-18, PageID.6.) Third, Ransom asserts that Jindal, more generally, "intentionally failed to advance [Ransom's] need for treatment" (the "Failure to Treat Claim"). (*Id.* at ¶ 19, PageID.6.) Finally, in his retaliation claim, Ransom asserts that Jindal made "false inflammatory allegations about him" to his doctors in retaliation for complaints he made about her (the "Retaliation Claim"). (*Id.* at ¶ 16, PageID.5.)

On December 9, 2025, Jindal moved to dismiss all of Ransom's claims against her, or, in the alternative, for summary judgment. (*See* Mot., ECF No. 13.) In Jindal's motion, she argued that Ransom had failed to plead sufficient facts to support his claims. (*See id.*, PageID.58.) In the alternative, Jindal asserted that she was entitled to summary judgment because Ransom had failed to exhaust his administrative remedies before he filed this action. (*See id.*)

The motion was referred to the assigned Magistrate Judge. (*See* Order, ECF No. 9.) On April 21, 2026, the Magistrate Judge issued a report and recommendation in which she recommended that the Court grant Jindal's motion in part and deny the

motion in part (the "R&R"). (*See* R&R, ECF No. 27.) More specifically, the Magistrate Judge recommended that the Court:

- Deny the motion to the extent that it sought summary judgment based on Ransom's alleged failure to exhaust his administrative remedies. (*See id.*, PageID.332-338);
- Deny the motion to the extent that it sought dismissal of the Pain Medication Claim. (*See id.*, PageID.329-330.); and
- Grant the motion to the extent that it sought dismissal of the MRI Denial Claim, the Failure to Treat Claim, and the Retaliation Claim. (*See id.*, PageID.330-332.).

Jindal has not filed any objections to the R&R.[1] Ransom has filed objections to certain portions of the R&R adverse to him. (*See* Obj., ECF No. 29.) For the reasons explained below, Ransom's objections are **OVERRULED**.

[1] The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). *See also Ivey v. Wilson*, 832 F.2d 950, 957 (6th Cir. 1987) (explaining that where party fails to file "timely objections" to report and recommendation, court may accept that recommendation "[w]ithout expressing any view on the merits of the magistrate's conclusions"). Likewise, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Because Jindal has not filed any objections to the R&R, the Court **ADOPTS** the portions of the R&R adverse to Jindal.

**I**

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party does not object. *See Thomas*, 474 U.S. at 149.

**II**

Ransom has raised four enumerated objections to the R&R. (*See* Obj., ECF No. 29.) For the reasons explained below, none of Ransom's objections persuade the Court to depart from the Magistrate Judge's recommendations.

**A**

The Court begins with Ransom's first objection to the R&R. That objection is difficult to follow, but it appears to have two distinct parts. The Court will examine each part separately.

**1**

In the first part of this objection, Ransom argues that the Magistrate Judge wrongly determined that he had failed to "establish the subjective component [of his] deliberate indifference [claim]." (*Id.*, PageID.344.) As noted above, Ransom's deliberate indifference claim has three separate components – *i.e.*, the Pain Medication Claim, the MRI Denial Claim, and the Failure to Treat Claim – and the

Magistrate Judge recommended dismissal of only the latter two components of the claim. Thus, the Court will consider this objection only as it relates to the Magistrate Judge's analysis of those components of the claim.

The objection fails with respect to the MRI Denial Claim and the Failure to Treat Claim because the Magistrate Judge did not base her recommendation to dismiss those claims on Ransom's purported failure to plead the subjective component of a deliberate indifference claim. The Magistrate Judge recommended dismissing the MRI Denial Claim because Ransom had not alleged that Jindal was responsible for not approving the MRI. (*See* R&R, ECF No. 27, PageID.331.) And the Magistrate Judge explained that the Failure to Treat Claim failed because Ransom's "attenuated" and generalized allegations failed to put Jindal "on notice of what kind of mistreatment Ransom allege[d] … and whether [that mistreatment] sound[ed] under deliberate indifference or a mere difference in medical opinion, which is not actionable under § 1983." (*Id.*, PageID.330-331.) Thus, because this part of Ransom's first objection is not responsive to the legal reasoning provided in the R&R, it is **OVERRULED**. *See Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001) (holding that plaintiff had "waived any challenge to the district court's conclusions" by failing to address the legal basis of a report and recommendation).

**2**

In the next part of Ransom's first objection, he argues that the Magistrate Judge wrongly recommended dismissing the MRI Denial Claim. (*See* Obj., ECF No. 29, PageID.347-348.) As explained above, the Magistrate Judge recommended that the Court dismiss the MRI Denial Claim on the basis that "Ransom fail[ed] to allege that Jindal was responsible for the disapproval [of the MRI]." (R&R, ECF No. 27, PageID.331.) Ransom insists that that recommendation "drew improper conclusions from the record" because "record evidence" establishes that Jindal was, in fact, responsible for not approving his MRI. (Obj., ECF No. 29, PageID.347.) This portion of Ransom's first objection is **OVERRULED**.

As the Magistrate Judge properly observed, Ransom does not allege in his Complaint that Jindal was the person responsible for not approving the MRI. The relevant allegations against Jindal with respect to the MRI are as follows:

> 17. On 1-6-25 in response to Defendant Carr's request for an MRI Defendant Jindal noted in her administrative note that the request will be presented and discussed with Grand Rounds and orthopedic follow up visit.
>
> 18. On 1-7-25 the Plaintiff was advised that Defendant Jindal's request for an MRI and Orthopedic follow up were not approved.

(Compl. at ¶¶ 17-18, ECF No. 1, PageID.6.) These allegations are plainly insufficient to support the conclusion that Jindal was responsible for not approving the MRI. Thus, the Magistrate Judge correctly concluded that the MRI Denial Claim

should be dismissed. For that reason, the Court **OVERRULES** the second part of Ransom's first objection.

The next question is whether the Court should give Ransom an opportunity to amend the MRI Denial Claim. He appears to suggest in his objections that he could amend his Complaint to specifically allege that Ransom recommended against approving the MRI and that she was therefore the moving force behind the decision to not approve the MRI. And if he could plausibly make that allegation, the MRI Denial Claim could potentially proceed. However, the Court has serious doubts about whether Ransom can, in good faith, plausibly allege facts showing that Jindal was the moving force behind the denial of the MRI.

Ransom says that he has documentary proof that Jindal recommended the denial. More specifically, he says that Jindal authored the following note in his medical records that, according to Ransom, proves that Jindal was the relevant decision maker:

> "Subjective: Patient continues to c/o right knee pain. He had s/p right knee replacement on 11/05/2024. [….] Was last seen by orthopedics on 12.30.2024 for post-op f/u. They recommended MRI of the right knee to further evaluate any structural abnormality within the quadriceps muscles. *Case was presented at Grand Rounds on 07.07.2025 with [my] recommendation for continued on site management*. Patient would like to seek treatment at his and his family's own expense." See attached.

(Obj., ECF No. 29, PageID.347; emphasis added.)

But notwithstanding that note, the Court is not yet persuaded that Ransom can allege in good faith that Jindal was responsible for the denial of the MRI. First, it is not clear that Ransom has the note he referenced in his objections. The note quoted above purportedly comes from his medical records, but (even though he attached other portions of his medical records to other filings in the record), he did not attach the note to his objections. His failure to attach the purported note under these circumstances raises real questions as to whether it truly exists. Second, the key word in that note is "my" because that is the only word that ties the recommendation to deny the MRI to Jindal. But that word is in brackets – suggesting that it does not actually appear in the body of the note. That raises further questions about whether the note gives Ransom a good faith basis to tie Jindal to the decision to deny the MRI. Third, even if the note says what Ransom says it says, it is not clear that the note, standing alone, would give Ransom a sufficient basis to allege that Jindal was responsible for denying the MRI. The note references a "recommend[ation]" for "continued on site management," but it is not clear how much weight that recommendation had with respect to the final decision to deny the MRI – which it appears Jindal did not make. Indeed, other documents submitted by Ransom suggest that someone *other* than Jindal was responsible for denying the MRI. For example, Ransom included a kite response with his opposition to Jindal's motion to dismiss in which nurse Kimberly Korte told Ransom that "VitalCore" – the healthcare

company that provides services to inmates of the Michigan Department of Corrections – "declined the MRI." (ECF No. 19, PageID.225.) Likewise, Ransom included a letter with his opposition brief that indicated that Ransom's "request for an MRI was denied by the insurance carrier." (*Id.*, PageID.229.) For all of these reasons, it is not yet clear whether Ransom can allege, in good faith, sufficient facts that could support the MRI Denial Claim against Jindal.

Given the Court's doubts about whether Ransom now has a good-faith basis to allege that Jindal was responsible for denying the MRI, the Court is not yet prepared to grant Ransom leave to file an Amended Complaint containing a revised MRI Denial Claim. Instead, the Court concludes that the proper course of action is to grant Ransom leave to file a motion for leave to file a First Amended Complaint. Stated another way, the Court will permit Ransom to seek permission to file a First Amended Complaint. When he seeks permission to do so, he must explain how he has a good-faith basis to allege that Jindal was responsible for the denial of his MRI, and he must attach to that motion any evidence that, he believes, supports his good-faith belief that Jindal was responsible for denying the MRI. If Ransom wishes to file such a motion for leave to file a First Amended Complaint, he shall do so by no later than **October 16, 2026**. And if he files such a motion, he must attach his proposed First Amended Complaint to the motion (along with the evidence that, he

says, gives him a good-faith basis to allege that Jindal was responsible for the denial of the MRI).

**II**

In Ransom's second objection, he again argues that he "prove[d] that Defendant Jindal was responsible for disapproval of the orthopedic surgeon's order/recommendation for an MRI," and he says that the Magistrate Judge "completely failed to consider [that] evidence." (Obj., ECF No. 29, PageID.348.) But the Magistrate Judge did not evaluate the strength of the purported evidence Ransom identified; instead, she assessed the allegations in the Complaint that Jindal was responsible for the disapproval and (properly) found those allegations lacking. Moreover (and in any event), for all of the reasons explained above, the Court rejects Ransom's contention that he has submitted evidence that proves that Jindal caused the disapproval of the MRI. For all of these reasons, Ransom's second objection is **OVERRULED**.

**III**

In Ransom's third objection, he argues that the Magistrate Judge wrongly recommended dismissing the Retaliation Claim. (*See id.*, PageID.352-353.) More specifically, he says that "the Magistrate Judge erred when [she] concluded that [Ransom] failed to allege he engaged in protected conduct." (*Id.*, PageID.352.) But the Magistrate Judge never reached such a conclusion. Indeed, the Magistrate Judge

expressly "assume[d]" that Ransom *had* engaged in protected conduct. (R&R, ECF No. 27, PageID.332.) And the remaining portions of this objection do not directly address the Magistrate Judge's actual bases for recommending dismissing the Retaliation Claim, namely that (1) Ransom's "allegation that Jindal's comments—without saying what they were—were intended to interfere with his medical care is wholly conclusory and thus does not establish that a person of ordinary firmness would be dissuaded from engaging in the protected conduct" and (2) "Jindal's actions after Ransom's alleged complaints do not appear to differ from her first denial of medication, at which time there is no indication that Jindal had any reason to retaliate against Ransom. Ransom has thus failed to establish plausible causation between the protected conduct and adverse action alleged." (*Id.*) Thus, because Ransom has not "specifically address[ed] how [the Magistrate Judge's] factual and legal recommendations were incorrect," this objection is **OVERRULED**. *Fields*, 2 F. App'x at 482.

**IV**

Finally, in Ransom's fourth objection, he argues that that the Magistrate Judge failed to apply the Supreme Court's decision in *Perttu v. Richards*, 605 U.S. 460 (2025), when reviewing Jindal's argument that Ransom failed to exhaust his administrative remedies. But the Magistrate Judge ruled in favor of Ransom on exhaustion and declined to grant Jindal summary judgment on the basis that Ransom

failed to exhaust his deliberate indifference claim. Thus, because the Magistrate Judge ruled in favor of Ransom on exhaustion, this objection is **OVERRULED**.

## III

For all of the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- Ransom's objections to the R&R (ECF No. 29) are **OVERRULED**;
- The recommended disposition of the R&R (ECF No. 27) is **ADOPTED**;
- Jindal's motion to dismiss (ECF No. 13) is **GRANTED IN PART AND DENIED IN PART**. The motion is **DENIED** with respect to the Pain Medication Claim. It is **GRANTED** with respect to the MRI Denial Claim, the Failure to Treat Claim, and the Retaliation Claim.
- Ransom is **GRANTED** leave to file a motion for leave to file a First Amended Complaint. In that motion, Ransom should include (1) a proposed First Amended Complaint that identifies additional facts that could support his MRI Denial Claim and (2) any evidence that supports that claim. Ransom shall file that motion by **October 16, 2026**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 31, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 31, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126