Clerk Copy

21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOHN RANSOM, #251580
Plaintiff,

v

ROSILYN JINDAL, et al.
Defendant(s)

Case No. 2:25-cv-11625
Hon. Matthew F. Leitman
Mag. Kimberly G. Altman

FILED
NOV 17 2026
CLERK'S OFFICE
DETROIT

John Ransom, #251580
In Pro Per
Gus Harrison Correctional Facility
2727 East Beecher Street
Adrian, MI 49221

Chapman Law Groups
Nicholas B. Pillow (P83927)
Attorney For Rosilyn Jindal
880 W. Long Lake Rd., Ste 150
Troy, MI 48098

PLAINTIFF'S MOTION TO STRIKE ECF NO. 12
DEFENDANT'S RESPONSE TO MOTION TO COMPEL

## Introduction

Plaintiff, John Ransom, proceeding pro se, files this motion to strike ECF No. 12, for failure to properly serve Plaintiff with documents pursuant to Fed. R. Civ. P. 12(f).

## Grounds For Motion

1.] Plaintiff was never served with ECF No. 12.

2.] The actions of Defendant's improper service has deprived Plaintiff of First Amendment right of access-to-the-court. See Lewis v Casey 518 US 343, 384 (1996).

3.] The action of Defendant's improper service has caused Plaintiff the loss of First Amendment freedoms for periods of time, which unquestionably constitutes an irreparable injury. See Elrod v Burns 427 US 347, 373 (1976).

## Prays For Relief

Plaintiff prays that this Honorable Court strike, ECF No. 12, from the record for Defendant's improper service on plaintiff pursuant to Federal Rules of Civil Procedure.

VERIFICATION

I, John Ransom, declare (state, verify, certify) that the factual allegations made herein are true and correct under the penalty of perjury 28 U.S.C. § 1746.

CERTIFICATION OF SERVICE

I, John Ransom, declare (state, verify, certify) that I haev cause this document to be served on defense counsel at the address on record, by placing this document in the MDOC's Expedited Legal Mailing system and U.S. Postal services.

Respectfully Submitted,

John Ransom

John Ransom, In Pro Per
MDOC No, 251580, Plaintiff
Gus Harrison Correctional Fac.
2727 East Beecher Street
Adrian, MI 49221

Executed: 11/10/26

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOHN RANSOM, #251580
Plaintiff,

v

ROSILYN JINDAL, et al.
Defendant(s)

Case No. 2:25-cv-11625
Hon. Matthew F. Leitman
Mag. Kimberly G. Altman

Need of Judges Approval

John Ransom, #251580
In Pro Per
Gus Harrison Correctional Facility
2727 East Beecher Street
Adrian, MI 49221

Chapman Law Groups
Nicholas B. Pillow (P83927)
Attorney For Rosilyn Jindal
880 W. Long Lake Rd., Ste 150
Troy, MI 48098

PLAINTIFF'S RESPONSE TO DEFENDANT'S ROSLIYN JINDAL,
P.A.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Introduction

Plaintiff, John Ransom, proceeding pro se, does not object to Defendant's Request For Production of Medical Documents, but Plaintiff asks for the following:

1.] That the medical documents extend to the present date. e.g. November 15, 2026.

2.] That a copy of the documents are provided to plaintiff.

Grounds For Reply

Plaintiff has additional requests to include in the production for documents.

Prays For Relief

Plaintiff prays that this Honorable Court issue an Order that the medical records requested extend to the present date of this filing; and that a copy of all documents are furnished on Plaintiff.

VERIFICATION

I, John Ransom, declare (state, verify, certify) that the factual allegations made herein are true and correct under the penalty of perjury 28 U.S.C. § 1746.

CERTIFICATION OF SERVICE

I, John Ransom, declare (state, verify, certify) that I haev cause this document to be served on defense counsel at the address on record, by placing this document in the MDOC's Expedited Legal Mailing system and U.S. Postal services.

Respectfully Submitted,

John Ransom

John Ransom, In Pro Per
MDOC No, 251580, Plaintiff
Gus Harrison Correctional Fac.
2727 East Beecher Street
Adrian, MI 49221

Executed: 11/10/26

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

JOHN RANSOM, #251580

Plaintiff,

Case No. 2:25-cv-11625

Hon. Matthew F. Leitman

Mag. Kimberly G. Altman

v

ROSTLYN JINDAL, et al.

Defendant(s)

---

John Ransom, #251580

In Pro Per

Gus Harrison Correctional Facility

2727 East Beecher Street

Adrian, MI 49221

Chapman Law Groups

Nicholas B. Pillow (P83927)

Attorney For Rosilyn Jindal

880 W. Long Lake Rd., Ste 150

Troy, MI 48098

---

Brief In Support of

PLAINTIFF'S RESPONSE TO DEFENDANT'S ROSLIYN JINDAL,

P.A.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Concise Statement of Issues Presented

1.] Whether Plaintiff has a fundamental right to discovery under federal rules of civil procedure 26 and 34?

Plaintiff answers: Yes

Defendants must answer: Yes

2.] Whether Defendants will suffer an undue hardship to ensure that Plaintiff is furnished with a copy of the requested medical records?

Plaintiff answers: NO

Defendant have not answered

## Concise Statement of Relevant Facts

Plaintiff has a rights under Federal Rule of Civil Procedure 26(b) and 34(a) to discovery and request that Defendant production of documents in the controls defendants.

## ARGUMENTS

## PLAINTIFF REQUEST THE SAME DOCUMENTS UP UNTIL NOVEMBER 2026

Plaintiff wishes to be expeditious and request the same documents being requested by defendants. Cf. 28 U.S.C. § 471 Plaintiff request that all parties receive Plaintiff's medical record up until November 15, 2026. Plaintiff contends that his medical records are relevant, FRE 401, to the actions before the court and needed to perfect his claim as well as prepare for trial. See Lewis v Casey 518 US 343, 384 (1996).

## Prays For Relief

Plaintiff prays that this Honorable Court issue an order that Plaintiff's medical records requested by Defendant are extended til at least November 15, 2026, and that the medical records are also provided to Plaintiff.

## VERIFICATION

I, John Ransom, declare (state, verify, certify) that the factual allegations made herein are true and correct under the penalty of perjury 28 U.S.C. § 1746.

## CERTIFICATION OF SERVICE

I, John Ransom, declare (state, verify, certify) that I haev cause this document to be served on defense counsel at the address on record, by placing this document in the MDOC's Expedited Legal Mailing system and U.S. Postal services.

Respectfully Submitted,

John Ransom

John Ransom, In Pro Per
MDOC No, 251580, Plaintiff
Gus Harrison Correctional Fac.
2727 East Beecher Street
Adrian, MI 49221

Executed: 11/10/26

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOHN RANSOM, #251580
Plaintiff,

v

ROSILYN JINDAL, et al.
Defendant(s)

Case No. 2:25-cv-11625
Hon. Matthew F. Leitman
Mag. Kimberly G. Altman

---

John Ransom, #251580
In Pro Per
Gus Harrison Correctional Facility
2727 East Beecher Street
Adrian, MI 49221

Chapman Law Groups
Nicholas B. Pillow (P83927)
Attorney For Rosilyn Jindal
880 W. Long Lake Rd., Ste 150
Troy, MI 48098

---

PLAINTIFF'S REPLY TO ECF No. 36

Introduction

Plaintiff, John Ransom, proceeding pro se, moves this court to accept his reply to Defendant's response. (ECF No. 36)

Grounds For Motion

1.] Plaintiff was instructed to file an amended complaint by the honorable judge Matthew F. Leitman (ECF No. 31, PageID 379)

2.] Plaintiff followed the instructions of the court to the best of his limited ability.

Prays For Relief

Plaintiff prays that this Honorable court deny Defendant's request for denial of ECF No. 35 (ECF No. 36, PageID 459), and grant ECF No. 35, and its accompanied proposed Amended Complaint, or in the alternative appoint counsel to aid and assist Plaintiff, or to provide Plaintiff one more opportunity to make the appropriate corrections in the interest of justice.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOHN RANSOM, #251580 | Case No. 2:25-cv-11625 |
| Plaintiff, | Hon. Matthew F. Leitman |
| | Mag. Kimberly G. Altman |
| v | |
| ROSILYN JINDAL, et al. | |
| Defendant(s) | |

---


| | |
|---|---|
| John Ransom, #251580 | Chapman Law Groups |
| In Pro Per | Nicholas B. Pillow (P83927) |
| Gus Harrison Correctional Facility | Attorney For Rosilyn Jindal |
| 2727 East Beecher Street | 880 W. Long Lake Rd., Ste 150 |
| Adrian, MI 49221 | Troy, MI 48098 |


---

BRIEF IN SUPPORT OF

PLAINTIFF'S REPLY TO ECF No. 36

CONCISE STATEMENT OF ISSUES PRESENTED

1 ] Whether Plaintiff adhered to the Court's Order when he filed his Motion For Leave to the Court, and Proposed Amended Complaint?

Plaintiff answers: Yes

Defendant answers: NO

CONCISE STATEMENT OF PERTINENT FACTS

Plaintiff incorporates all factual allegations raised in his previous filings herein pursuant to Fed. R. Civ. P. 10(c), including but not limited to his Amended Complaint.

Discussion

A pro se litigant pleading is held to a less stringent standard. Simmons v United States 142 SCt 23, 25 (2021) With Plaintiff's limited knowledge of the law, the Court should grant Plaintiff's motion for appointment of counsel to ensure that Plaintiff has access to court, that is adequate, effective, and meaningful. See Bounds v Smith 430 US 817, 822 (1977); Lewis v Casey 518 US 343, 346 (1996).

Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, Anderson, sufra.

ARGUMENT

PLAINTIFF MOTION FOR LEAVE SHOULD BE GRANTED

A. Plaintiff has established that PA Jindal was responsible for the January 7, 2025, MRI denial.

Plaintiff with his limited resources has provided the Court with a prima facie case without the opportunity for a complete discovery.

Defendant contends that Plaintiff has not "sufficiently alleged that PA Jindal was personally responsible for the decision to deny the MRI requested by Plaintiff's orthepedic surgeon." (ECF No. 36, PageID 450).

Plaintiff contends that P.A. Jindal had a duty of care to provide Plaintiff with a continuum of medical care which is based on medical science. See PD 03.04.100; and Michigan Administrative Code R791.718. The actions of Defendant Jindal is not part of Plaintiff's prison sentence and constitutes cruel and/or unusual punishment under the Michigan and U.S. Constitution. Cf. Wilson v Seiter

501 US 294, 297 (1991); see also Michigan Administrative Codes R791.718; R791.731. The medical science support that Defendant's Jindal's action were deliberate indifference. (SEE ATTACHED ULTRASOUND RESULTS)

Plaintiff avers that he had pursuant to Fed. R. Civ. P. 8(a)(1)-(3) used short and plain statement showing Plaintiff's claim for relief; entitlement to relief; and demand for relief sought. Plaintiff is not required to do more than what is required by the Federal Rules of Civil Procedure.

Plaintiff is a pro se litigant and held to a less stringent standard of pleading than that prepared by a lawyer. See Simmons v United States 142 SCt 23, 25 (2021)

Defendant wish to assert that Plaintiff is alleging that Defendant Jindal is the "final decision-making authority over the requested treatment" (ECF No. 36, PageID 451). Plaintiff is alleging that but-for-the-actions of Defendant Jindal, he would have received his requested and suggested medical treatment. Jindal is the cause of his denial and medical treatment delay, which is the proximate cause of Plaintiff's continued unnecessary and wanton pain, which constitutes as torture. See Estelle v Gamble 429 US 97, 102 (1976)("Punishment are cruel when they involve torture ...") (quoting In re Kemmler 136 US 436, 447 (1890)).

Defendant admits that Defendant Jindal presented the recommendations, (ECF No. 36, PageID 451). Defendant wants the court to take the place of the jury to weigh the evidence, which the Supreme Court holds, that weight of the evidence is a function of the jury. See Anderson v Liberty Lobby, Inc 477 US 242, 255 (1986).

When the Court takes a less stringent view, Simmons 142 SCt at 25 (2021), of Plaintiff's amended complaint, it will be clear that Plaintiff did in fact adhere to the Court's order and comply with the federal rules of civil

procedure.

Defendant contends that "P.A. Jindal participation in th[e] process does not establish that she controlled the outcome or was responsible for the ultimate denial." (ECF No. 36, PageID 452).

The Supreme Court and Sixth Circuit have long held that the weighing of evidence and credibility determination are the functions of the jury. not the judge. See Anderson 477 US at 255; Jackson v VHS Detroit Receiving Hosp. Inc. 814 F. 3d 769, 775 (6th Cir 2016); Willard v Huntington Ford, Inc. 952 F. 3d 795, 806 (6th Cir 2020).

Plaintiff avers that but-for-the-actions of Defendant's Jindal's report and recommendation Plaintiff would have received appropriate medical treatment. Attached to this document is attached as supporting evidence that the scientific evidence does not support the judgement of Defendant Jindal. See (attachment A). Plaintiff had two tears one above the knee and one below the knee.

Defendant states, Plaintiff "proposed pleading does not identify the individuals who participated in January 7, 2025 Grand Rounds decision, explain the applicable approval process, provide specific facts establishing that P.A. Jindal possessed authority to aprove or deny the MRI independently." (ECF No. 36, PageID 452)

Plaintiff contends that discovery is needed to provide more detailed information that Defendant Jindal is referencing in ECF No. 36, PageID 452, and that such detailed information is not required under Fed. R. Civ. P. 8(a). It the Court agrees with Defenant Jindal, that more detailed information is needed, it would be contrary to federal rules of civil procedure, and require at the very least that Plaintiff be allowed limited discovery, prior to the Court making its premature decision. CF. Anderson 477 US 257

A reasonable juror would agree with Plaintiff about P.A. Jindal's

contribution to the denial of medical treatment leading to the denial and return a verdict in favor of Plaintiff against P.A. Jindal for her personal involvement with the decision making, as P.A. Jindal wrote the Report and Recommendation, which was followed by someone in Grand Rounds. Defendant Jindal deprived Plaintiff of adequate medical care. See Colson v City of Alcoa 2021 US App Lexis 26532 at * 23 (6th Cir 2021).

B. Plaintiff's allegations regarding subsequent MRI requests does establish that P.A. Jindal caused the original denial.

A reasonable juror after reviewing the evidence can return a verdict in favor of Plaintiff that P.A. Jindal was a direct participant and essential actors in the denial process. P.A. Jindal wrote and filed the Report and Recommedation for treatment and delayed the MRI, which was followed by Grand Rounds medical team. Defendant is asking the Court to conduct a credibility contest and weigh the evidence which is the function of the jury. See Anderson 477 US at 255. In cases involving mistreatment by medical personnel, the Sixth Circuit provides guidance in this matter, where it state "less flagrant conduct [than that of other government officials] may constitute deliberate indifference." See Phillips v Roane County 534 F. 3d 531, 544 (6th Cir 2008).

Plaintiff contends that under the Fourteenth Amendment of the U.S. Constitution for Due Process and Equal Protections of the laws, that he has a fundamental right to have the credibility of witnesses and weighing of evidence conducted by a jury.

C. Plaintiff has established that P.A. Jindal conduct constitutes deliberate indifference.

The treatment received by Jindal was not a continuum of adequate medical care. See Colson 2021 US App Lexis 26532 at * 23, where a layperson could see that Plaintiff was in a state of continuous and/or continual unnecessary and

wanton pain. P.A. JIndal knew by virtue of her training that Plaintiff could have suffered some complications from his knee surgery and blatantly disregarded the risk to Plaintiff. See Farmer v Brennan 511 US 825, 837 (1994). Leaving Plaintiff in this unnecessary and wanton pain constitutes torture, Estelle 429 US 107, which no reasonable person would have done after seeing Plaintiff and his condition. The shooting pain caused Plaintiff to suffer many sleepless nights.

D. Plaintiff does not attempt to reassert claim previously dismissed by the Court.

Plaintiff was instructed by the Court to "identif[y] additional facts that could support his MRI Denial Claim and any evidence that support that claim" (ECF No. 31, PageID 379) Plaintiff has done exactly what he was instructed to do by the Court.

Defendant JIndal contends that Plaintiff is raising the retaliation claims against Jindal. But under Fed. R. Civ. P. 18(b), Plaintiff has a fundamental rights to joinder all claims to a single defendant. For the Court to deny Plaintiff this rights would result in a miscarriage of justice, where Plaintiff will be deprived his fundamental rights under the First Amendment of access-to-the-court. See Lewis 518 US at 384, which provide that Plaintiff has the right to file whatever documents or pleading are necessary or appropriate to defend his claim. Id. The claims raised are arguable and nonfrivolous. Lewis 518 US 353 n.3. and n.4

Under Michigan law, Plaintiff would be barred by res judicata from raising any claim against Defendant Jindal that could have been raised in this civil action.

Prays For Relief

Plaintiff prays that this Honorable Court grant his Motion For Leave, allow

his Proposed Amended Complaint to stand; appoint counsel; in the alternative appoint counsel to amend the complaint and/or allow limited discovery to allow Plaintiff or his appointed counsel to gather evidence to support the second amended complaint.

## CONCLUSION

Defendant in ECF No. 36, are asking the Court to take on the functions of a juror, and make credibility determination and weigh evidence, which would mean that the court would not be adhering to the vertical stare decisis of Anderson; Jackson and Willard. For these reasons the Court should move this case to trial.

## VERIFICATION

I, John Ransom, declare (state, verify, certify) that the factual allegations made herein are true and correct under the penalty of perjury 28 U.S.C. § 1746.

## CERTIFICATION OF SERVICE

I, John Ransom, declare (state, verify, certify) that I haev cause this document to be served on defense counsel at the address on record, by placing this document in the MDOC's Expedited Legal Mailing system and U.S Postal services.

Respectfully Submitted,

John Ransom

John Ransom, In Pro Per
MDOC No, 251580, Plaintiff
Gus Harrison Correctional Fac.
2727 East Beecher Street
Adrian, MI 49221

Executed: 11/10/26

You have received a JPay letter, the fastest way to get mail

From : Tim Salmon, CustomerID: 11852854
To : JOHN RANSOM, ID: 251580
Date : 11/3/2026 3:46:37 PM EST, Letter ID: 2750521019
Location : ARF
Housing : 03206BBOTB

1:41PM Tue Nov 3 54%

Secur | ARW Quote | ARW Quote | Untitled | Southwest | Southwest | Southgate, | Patie | Patient

rmipcmi.abbadox.com

SHOW STUDY IMAGE(S)

Print

**Southgate Office**
15300 Trenton Rd. | Southgate, MI 48375
734.281.6600 PHONE | 738.281.7481 FAX

RMI 40 REGIONAL MEDICAL IMAGING

**Conveniently Located**
Lennon Rd, Flint • Villa Linde, Flint • Fenton
Grand Blanc • Davison • Lapeer • Novi
Royal Oak • Southgate • Petoskey
www.rmipc.net

**Patient: JOHN RANSOM**
**DOB: 12/03/1967 Age: 58**
**Sex: Male**
**Date of Service: 10/20/2026**

**CHRISTOPHER CARENDER , MD**
**1500 MEDICAL CENTER DR**
**ANN ARBOR, MI 48109**

**ULTRASOUND OF THE RIGHT KNEE (MSK)**

**INDICATION: Order states: Knee pain Patient states: Knee pain since 2024. History of total knee replacement**

**COMPARISON/CORRELATION: No previous study is currently available for comparison.**

**FINDINGS: Grayscale and color imaging was performed. Both dynamic and static images were acquired and reviewed.**

**There is no joint effusion. There is no Baker's cyst.**

**The distal quadriceps tendon appears heterogeneously hypoechoic with a focal linear hypoechogenicity consistent with partial tear. There is herniation of tissue through a defect in the mid quadriceps tendon, approximately 4 cm proximal to the superior patellar pole.**

**The is shadowing hyperechogenic material adjacent to the anterior aspect of the proximal patellar tendon, possibly related to postsurgical changes or hardware, foreign bodies, or calcifications. The distal patellar tendon appears torn.**

**The medial or lateral menisci are not well visualized.**

**The MCL and LCL are poorly visualized, which may be related to postsurgical changes or tear. The biceps femoris and IT band are unremarkable. The pes anserinus is unremarkable.**

**CONCLUSION:**

**PARTIAL TEAR OF THE DISTAL QUADRICEPS TENDON WITH HERNIATION OF TISSUE THROUGH A DEFECT IN THE MID QUADRICEPS TENDON**

JPay Tell your friends and family to visit www.jpay.com to write letters and send money!

You have received a JPay letter, the fastest way to get mail

From : Tim Salmon, CustomerID: 11852854
To : JOHN RANSOM, ID: 251580
Date : 11/3/2026 3:46:49 PM EST, Letter ID: 2750521133
Location : ARF
Housing : 03206BBOTB

1:41PM Tue Nov 3 54%

Secur | ARW Quote | ARW Quote | Untitled | Southwest | Southwest | Southgate, | Patie | Patient

rmipcmi.abbadox.com

SHOW STUDY IMAGE(S)

Print

The MCL and LCL are poorly visualized, which may be related to postsurgical changes or tear. The biceps femoris and IT band are unremarkable. The pes anserinus is unremarkable.

**CONCLUSION:**

PARTIAL TEAR OF THE DISTAL QUADRICEPS TENDON WITH HERNIATION OF TISSUE THROUGH A DEFECT IN THE MID QUADRICEPS TENDON.

TEAR OF THE DISTAL PATELLAR TENDON.

SHADOWING HYPERECHOGENIC MATERIAL ADJACENT TO THE ANTERIOR ASPECT OF THE PROXIMAL PATELLAR TENDON, POSSIBLY RELATED TO POSTSURGICAL CHANGES OR HARDWARE, FOREIGN BODIES, OR CALCIFICATIONS.

POOR VISUALIZATION OF THE MEDIAL AND LATERAL MENISCI, MCL, AND LCL, WHICH MAY BE RELATED TO POSTSURGICAL CHANGES OR TEAR.

RADIOGRAPHIC CORRELATION IS RECOMMENDED.

NICK RASMUSSEN MD (DIRECT PH 248-556-7073)
NR2
Page 1 of 2

JOHN RANSOM
Date: 10/20/2026

RMI

Page 2

ELECTRONICALLY SIGNED: 10/21/2026 1:04 PM

JPay Tell your friends and family to visit www.jpay.com to write letters and send money!

You have received a JPay letter, the fastest way to get mail

From : Tim Salmon, CustomerID: 11852854
To : JOHN RANSOM, ID: 251580
Date : 11/3/2026 3:47:08 PM EST, Letter ID: 2750521335
Location : ARF
Housing : 03206BBOTB

1:44 PM Tue Nov 3 54%

**John_Ransom_Knee_Ultrasound_One_Page_Summary.pdf**

## RIGHT KNEE ULTRASOUND I PLAIN-LANGUAGE SUMMARY

John Ransom I Study: October 20, 2026 I Prior total knee replacement

### Bottom line

The ultrasound identifies **tears in two important tendons** that work together to straighten and stabilize the knee. Because the knee has been replaced, these findings deserve **prompt evaluation by an orthopedic surgeon familiar with knee-replacement complications**. The ultrasound alone cannot determine whether surgery is needed.

### Main findings

| | |
|---|---|
| **Quadriceps tendon** | Partial tear above the kneecap, with tissue bulging through a defect about 4 cm above the kneecap. |
| **Patellar tendon** | Tear below the kneecap; the report does not specify whether it is partial or complete. |
| **Possible hardware / calcium** | Bright material near the patellar tendon may be postsurgical material, hardware, calcification, or another foreign body. |
| **Other structures** | Menisci and side ligaments were not clearly seen; this does not prove they are torn. |

### What this could mean

The quadriceps and patellar tendons form the knee's **extensor mechanism**. Damage to both can cause weakness, difficulty straightening the leg, trouble rising from a chair, or the knee giving way. The extent of functional damage is not established by this report.

### Reassuring findings

No excess joint fluid or Baker's cyst was seen. The biceps femoris tendon and iliotibial band appeared unremarkable.

### Recommended next steps

**1.** Arrange prompt orthopedic assessment, ideally with a knee-replacement specialist. **2.** Obtain knee X-rays as the radiologist recommended to assess hardware and calcification; additional tendon imaging may be considered. **3.** Avoid squats, heavy resistance, and activities that provoke buckling until evaluated. **4.** Seek urgent assessment if he cannot actively straighten the knee, cannot bear weight, or the knee repeatedly collapses.

### Questions to bring to the appointment

How much of each tendon is torn? Is the extensor mechanism intact? Is the implant stable? Would bracing, rehabilitation, or surgical repair/reconstruction be appropriate?

Based on the ultrasound report dated 10/20/2026. This is an educational summary, not a diagnosis or treatment plan.

JPay Tell your friends and family to visit www.jpay.com to write letters and send money!

John Ransom #251580
Gus Harrison Correctional
2727 E Beecher Street
Adrian Michigan 49221

FIRST-CLASS

US POSTAGE PITNEY BOWES
ZIP 49221 $ 004.62
02 7W
0006037666 NOV 09 2026

United States District Court
Eastern District of Michigan
827 Theodore Levin U.S. Courthouse
231 West Lafayette Blvd.
Detroit Michigan 48226

RECEIVED
NOV 17 2026
CLERK'S OFFICE
U.S. DISTRICT COURT

U.S. MARSHALS

580
Ransom. 20683